# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## HAAS & WILKERSON, INC v. GEREN RIDES, INC, ET AL v. AZALEA CITY AMUSEMENT

**Appeal from the Circuit Court for Putnam County**
No. 11N0229    John J. Maddux, Jr., Judge

---

## No. M2013-02011-COA-R3-CV - Filed February 4, 2014

---

This is an appeal from an order denying a motion for return of personal property. Because the order does not resolve all the claims between the parties we dismiss for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S.; ANDY D. BENNETT AND RICHARD H. DINKINS, JJ.

Jeremy Wayne Parham, Nashville, Tennessee, for the appellant, Azalea City Amusement, Inc.

John B. Ingleson, Murfreesboro, Tennessee, for the appellee, Haas & Wilkerson, Inc.

## MEMORANDUM OPINION[1]

This appeal involves a foreign judgment domesticated by the trial court in 2011. In September of 2012, the plaintiff, Haas & Wilkerson, Inc., issued a levy on cash held by the

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

defendant, Geren Rides, Inc., at the West Tennessee State Fair and seized $5983.50. On October 1, 2013, intervenor Mega Midways Entertainment, Inc. ("Mega Midways") filed a Motion for Return of Personal Property asserting that the majority of the funds seized belonged to it and not the defendant. Following a hearing, the trial court adopted Haas & Wilkerson's Findings of Fact and Conclusions of Law and denied the Motion for Return of Personal Property on August 5, 2013. Another intervenor, Azalea City Amusement, Inc. ("Azalea City"), filed a notice of appeal on September 4, 2013.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a).

The record on appeal was filed with the clerk of this court on October 23, 2013. Upon review of the record, this court determined that the order appealed was not a final appealable judgment because the Findings of Fact and Conclusions of Law adopted by the trial court clearly contemplate further proceedings on the matter. The Findings of Fact and Conclusions of Law state that certain issues "require further proof and development by Mega Midways." Moreover, they provide that "the court stays proceedings pending proof of compliance by Mega Midways Entertainment, Inc. with the registration requirements of Tennessee Code Annotated § 48-25-102." In light of these Findings of Fact and Conclusions of Law, we concluded that the trial court had not resolved all the claims between the parties, "leaving nothing else for the trial court to do." Accordingly, we ordered the parties either to obtain a final order from the trial court within ninety days or else show cause why the appeal should not be dismissed. Although more than ninety days have now passed, the parties have neither obtained a final order nor otherwise responded to this court's show cause order.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Azalea City Amusement, Inc. and its surety for which execution may issue.

PER CURIAM